# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF COLUMBIA

FARIHA ESHRAT,                                    )
  6611 AsSalilah, Al-Wizarat,                   )
  Riyadh, 12626 KSA                             )
                                   )
             Plaintiff(s)                    )
                                   )    Civil Action No. 1:25-cv-874
          v.                                          )
                                   )
MARCO RUBIO, in his official capacity,            )
Secretary, U.S. Department of State;             )
SHANE MYERS, in his official capacity,           )
Acting Principal Deputy Assistant Secretary,     )
Bureau of Consular Affairs;                      )
ALISON DILWORTH, in her official capacity,        )
Chargé d'Affaires, United States Embassy,         )
Riyadh, Kingdom of Saudi Arabia,                 )
JOHN DOE, in his official capacity, Consular      )
Officer, U.S. Embassy, Riyadh, Kingdom of         )
Saudi Arabia,                                    )
    U.S. Department of State                     )
    2201 C St. NW                                )
    Washington, DC 20520                         )
            Defendant(s).                    )
_____

## PLAINTIFF'S ORIGINAL COMPLAINT  FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: (312) 549-9981, Email: sadaf@jeelani-law.com.

## INTRODUCTION

COMES NOW FARIHA ESHRAT (hereinafter "Plaintiff ESHRAT" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1.      Plaintiff is a Bangladeshi national who is currently employed as a hospital Internist, with Cogent Medical Care, Sound Physicians Group. Her employment was authorized through her selection and qualification as an H-1B employee. Plaintiff traveled to Saudi Arabia on September 5, 2024, and applied for her H-1B visa by submitting her Application with the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, and requesting the issuance of the corresponding  H-1B visa stamp. This action is brought as a result of Defendants' failure to complete the adjudication of Plaintiff's non-immigrant visa application and issue the corresponding H-1B visa stamp (hereinafter "Application") within a reasonable period of time given that her non-immigrant visa application was initially approved on or around December 30, 2024. [Case# AA00E0WDBF].

2.      Plaintiff returned to Saudi Arabia to apply for her H-1B non-immigrant visa and the issuance of the corresponding H-1B visa stamp. Plaintiff's Form I-129 Petition for Alien Worker was approved on November 19, 2024,  giving her valid H-1B visa status through November 30, 2027. On November 19, 2024, Plaintiff ESHRAT, successfully submitted her Form DS-160, Online Nonimmigrant Visa Application through the U.S. Department of State's Consular Electronic Application Center.

3.      Plaintiff has been waiting for the issuance of her H-1B visa stamp since December 10, 2024, for a total of over three months (105 days or 15 weeks) without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing", even though her online case status showed that her application had initially been approved on December 30, 2024. The U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, has yet to issue the

corresponding H-1B visa stamp. Additionally, according to the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, most administrative processing is completed within 60-days (**EXHIBIT A**), even though it may take longer in some cases. It is worth noting that the aforementioned visa type is often adjudicated in a matter of days for the vast majority of H-1B applicants.

4.      Plaintiff's employment and patient population in the United States are being severely impacted by her prolonged absence from the United States, impacting medical services to the underserved patient population in Buffalo, New York.  Without judicial intervention, Plaintiff, her employer, and patient population will likely suffer devastating consequences, losses and a significant setback to Plaintiff's career and future in the United States, without the full and final adjudication of her H-1B Visa Application.

5.      Plaintiff has a clear right to adjudication of her Application within a timely manner. 22 CFR  § 41.121(a) and 22 CFR  § 41.106. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6.      Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

7.      Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application and issue the corresponding H-1B visa stamp.

## PARTIES

8.     Plaintiff FARIHA ESHRAT is a Bangladeshi national and currently being forced to reside in Saudi Arabia[1] while waiting for the final adjudication of her nonimmigrant visa Application. She is the applicant of a properly filed Nonimmigrant Visa Application, Form DS-160 (AA00EOWBF).

9.     Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies and Consulates around the world.  This action is filed against him in his official capacity.

10.     Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary, for the Bureau of Consular Affairs. As Acting Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

11.     Defendant ALISON DILWORTH is the Chargé d'Affaires of the United States Embassy in Riyadh, Kingdom of Saudi Arabia. She is the principal officer in charge of the Embassy.  This action is filed against her in her official capacity.

12.     Defendant JOHN DOE is a Consular Officer at the United States Embassy in Riyadh, Kingdom of Saudi Arabia. This action is filed against him in his official capacity.

---

[1] Prior to traveling to Saudi Arabia, Plaintiff was working in the United States with valid J-1 status. She applied for her H-1B nonimmigrant visa on November 19, 2024. If Plaintiff's non-immigrant visa application is approved and she is issued the H-1B visa stamp, she will travel to Buffalo, New York, where she will resume her employment as a hospital internist.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14.    Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15.    The Plaintiff has repeatedly requested Defendants to make a final decision on her Application for over 18 weeks (over four months or 126 days) since submitting her Form D-160, Application. Furthermore, Plaintiff has initiated numerous inquiries with the United States Embassy in Riyadh, Kingdom of Saudi Arabia, directly, as well as through Congressman Timothy Kennedy's Office, all without any resolution.

16.    Plaintiff has exhausted her administrative remedies. Plaintiff has supplied the United States Embassy in Riyadh, Kingdom of Saudi Arabia,  with documents that establish Plaintiff's eligibility to receive a nonimmigrant visa to travel to the United States and resume her H-1B status and employment in the United States as a hospital internist.

17.    There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

18.    Plaintiff's Form I-129, Petition for A Nonimmigrant Worker was approved on November 19,  2024, with a validity period dating from December 1, 2024 to November 30, 2027. (Receipt # IOE0928449828). [**EXHIBIT B**].

19.    Plaintiff ESHRAT traveled to Saudi Arabia on September 5,  2024, to apply for her non-immigrant visa and request the issuance of the corresponding H-1B visa stamp.

20.    On November 19, 2024, Plaintiff ESHRAT properly submitted her Form DS-160, Nonimmigrant Visa Application  through the Department of State's Consular Electronic Application Center (hereinafter "CEAC") (Case# AA00EOWDBF). [**EXHIBIT C**].

21.    On December 10, 2024, Plaintiff ESHRAT appeared at the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, for her consular appointment.

22.    In or around December 30, 2024, Plaintiff ESHRAT's online case status showed that her case had been "Approved" with the U.S. Embassy being in possession of Plaintiff's passport since December 10, 2024, yet the Embassy has yet to issue the corresponding H-1B visa stamp.

23.    On February 25, 2025, the U.S. Embassy in Riyadh informed Plaintiff that her "nonimmigrant visa application [was] undergoing administrative processing to verify her qualifications and credentials for the H1B visa, stating, "administrative processing generally lasts approximately 60 days, however, can take significantly longer.  . . ." The Embassy did not provide any further information regarding the completion of the administrative processing. The same information was provided in response to a congressional inquiry submitted on behalf of Plaintiff ESHRAT.

24.    Defendants have made no requests for additional information or evidence from Plaintiff ESHRAT and nor have they returned Plaintiff's passport with her H-1B visa stamp.

25.     Plaintiff's inquiries have not resulted in any meaningful responses. Plaintiff's Application remains under administrative processing and without any indication as to when the adjudicative process will be completed.

26.     Plaintiff 's Application now continues to remain in administrative processing status with the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, for over 15 weeks (over three months or 105 days) since her appointment at the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia on December 10, 2024.

27.     Plaintiff ESHRAT's Applications remains without a final adjudication or the return of her passport with the issuance of her H-1B stamp.

28.     The Department of State and the U.S. Embassy in Riyadh, Kingdom of Saudi Arabia, refuse to allege an average processing time for non-immigrant visa applications, even though the Embassy states "in most cases administrative processing is completed within 60 days". Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 15 weeks of processing time, especially when her Application had initially been approved and no requests for additional evidence or information have been made.

29.     As a result of Defendants delay, Plaintiff's employer, Cogent Medical Sound Physicians, has been forced to hire contractors to cover Plaintiff ESHRAT's shifts, as she was scheduled to begin working with Sound Physicians months ago. Additionally, as a physician designated to work in a federally recognized underserved area, where there is a critical need for physicians, her prolonged absence is causing significant hardships to the patient population. The ongoing delay in issuing her visa is not only detrimental to Plaintiff's employer but is also severely impacting the medically underserved population that urgently requires her care. The hospital and the community are suffering due to physician shortages caused by her continued absence. However,

due to Plaintiff's absence from the United States, she is unable to attend to her patients causing significant disruptions to her employer as well as her patient population that relies on her for critical medical care.

30.     Without judicial intervention, Plaintiff will likely suffer continuing devastating financial losses, a significant setback in her career and future in the United States, significant harm to her employer and patient population here in the United States, unless Defendants are compelled to complete the full and final adjudication of her H-1B visa Application and   issue the corresponding H-1B visa stamp within a timely manner.

## VIOLATION OF THE APA

31.     All prior paragraphs are re-alleged as if fully stated herein.

32.     Plaintiff has a statutory right to an adjudication of her non-immigrant visa application. 8 U.S.C. § 1153(b).

33.     Defendants have a duty to adjudicate Plaintiff's  non-immigrant visa Application within a reasonable period of time under 5 U.S.C. §555(b), 22 CFR  § 41.121(a) and 22 CFR  § 41.106.

34.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35.     No other adequate remedy is available to Plaintiff.

36.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

37.     Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application for over a total of 18 weeks since she properly submitted her Form DS-160 Application and for over 15 weeks, since the date of her appointment at the U.S. Embassy

Riyadh, Kingdom of Saudi Arabia, Plaintiff's Application has been pending for an unreasonably long period of time under the circumstances.

38.    Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

39.    Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and in violation of Plaintiff's rights. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiff ESHRAT's Application.

40.    Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ESHRAT's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff ESHRAT's Nonimmigrant visa Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff ESHRAT's Nonimmigrant visa Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 24, 2025                           Respectfully submitted,

                                                 /s/ Sadaf F. Ahmed

**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**
***Counsel for Plaintiff***